**FILED**
**U.S. District Court**
**District of Kansas**
03/24/2026

**Clerk, U.S. District Court**
By: SND Deputy Clerk

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

JESSE JOSEPH AICH,

          **Petitioner,**

    **v.**                                 **CASE NO. 26-3062-JWL**

STATE OF KANSAS, et al.[1],

          **Respondents.**

### MEMORANDUM AND ORDER TO SHOW CAUSE

This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Petitioner Jesse Joseph Aich, a pretrial detainee being held at the Reno County Correctional Facility in Hutchinson, Kansas. Petitioner has filed a motion for leave to proceed in forma pauperis (Doc. 2), which will be granted. For the reasons set forth below, Petitioner will be required to show good cause, in writing, why this action should not be dismissed under the abstention doctrines set out in *Ex parte Royall*, 117 U.S. 241 (1886), and *Younger v. Harris*, 401 U.S. 37 (1971).

### Rule 4 Screening

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district

---

[1] Petitioner has named the State of Kansas and the Reno County Correctional Facility as Respondents in this action, but the proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."); 28 U.S.C. §§ 2242 (stating that the petition "shall allege . . . the name of the person who has custody over" the petitioner) and 2243 ("The writ . . . shall be directed to the person having custody of the person detained."). Thus, Darrian Campbell, the current Sheriff of Reno County, Kansas, where Petitioner is confined in the Reno County Correctional Facility, is hereby substituted as Respondent pursuant to Rules 1(b) and 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Federal Rules of Civil Procedure 25(d) and 81(a)(4).

court." 28 U.S.C.A. foll. § 2254. Rule 1(b) authorizes district courts to apply the Rules to habeas petitions not brought under § 2254, such as those brought under § 2241. Because Petitioner is proceeding pro se, the Court liberally construes the petition, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

### The Petition (Doc. 1)

As noted above, Petitioner is a pretrial detainee. (Doc. 1, p. 1.) He is currently detained on two criminal cases and he was arrested in June 2025. *Id.* at 2. In the petition now before this Court, he asserts four grounds for relief. In Ground One, he asserts that Kansas statutes "are presumption-of-law not acctual [*sic*] law." *Id.* at 6. As supporting facts for Ground One, Petitioner states that "[t]he presumption-of-law can be found (not easily) in your revised statute." *Id.* In Ground Two, Petitioner asserts that he contested his arraignment under the Uniform Commercial Code ("U.C.C."), section 1-201(26) and, as supporting facts for Ground Two, Petitioner cites 27 C.F.R. 72.11, he states "[a]ll crimes are commercial," and he asserts that county courts are no longer constitutional courts. *Id.*

In Ground Three, Petitioner asserts that he "challenged jurisdiction at arraignment." *Id.* As supporting facts for Ground Three, Petitioner argues:  "You can't just presume subject matter jurisdiction as you're not charging my flesh and blood but a fictitious artificial entity." *Id.* In Ground Four, Petitioner asserts that he filed three affidavits, presumably in the state district court, based on provisions of the U.C.C. *Id.* at 7. As supporting facts for Ground Four, Petitioner states

2

that he did not have to discharge the debt since he "did not contract." *Id.* As relief, Petitioner seeks an order dismissing the criminal cases against him "with extreme prejudice." *Id.*

**Analysis**

The Court first notes that 28 U.S.C. § 2241 "is the proper avenue by which to challenge pretrial detention." *See Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007). "[T]he traditional function of the writ [of habeas corpus] is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). However, requests for pretrial habeas corpus relief are not favored. *Jones v. Perkins*, 245 U.S. 391-92 (1918). The United States Supreme Court has long held that federal courts generally should not exercise their power to discharge a person being detained by a state for trial on a state crime, even where the person alleges that the detention is unconstitutional.

In 1886, the United States Supreme Court described some very limited circumstances in which such intervention might be proper: when a person is in custody for an allegedly criminal act that was required by federal law or federal court order, when a person is a citizen of a foreign country and is in state custody for an allegedly criminal act done under the authority of that foreign country, when the matter is urgent and involves the United States' relations with foreign nations, or when there is some reason why the state court may not resolve the constitutional question in the first instance. *Ex parte Royall*, 117 U.S. at 251-52. Otherwise, federal courts must abstain from interfering with the process of state courts. *Id.* at 252 (stating that federal courts' non-interference with state courts "is a principle of right and law, and therefore of necessity").

Nearly a century later, the United States Supreme Court reaffirmed that principles of comity dictate that a federal court generally should not intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger v. Harris*, 401

3

U.S. 37, 46 (1971). Under *Younger*, federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).

If these three circumstances are present, federal abstention is mandatory unless extraordinary circumstances require otherwise. *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)). Extraordinary circumstances that warrant federal intervention in ongoing state criminal proceedings include cases "'of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction.'" *Amanatullah*, 187 F.3d at 1165. However, a petitioner asserting such circumstances must make "'more than mere allegations of bad faith or harassment.'" *Id.*

More recently, the Tenth Circuit explained that "*Younger* and *Ex parte Royall* are related doctrines." Both "are based upon 'comity, that is, a proper respect for state functions'" and

> stand for "the requirement that special circumstances must exist before the federal courts exercise their habeas corpus, injunctive, or declaratory judgment powers to stop state criminal proceedings." *Younger* addressed a federal court's equitable power to issue an injunction enjoining state proceedings, while *Ex parte Royall* . . . involved a request for habeas relief.

*Smith v. Crow*, 2022 WL 12165390, *2 (10th Cir. Oct. 21, 2022) (unpublished order denying certificate of appealability) (quoting *Dolack v. Allenbrand*, 548 F.2d 891, 893 (10th Cir. 1977)). Liberally construing the petition now before this Court, Petitioner requests relief that implicates both *Younger* and *Ex parte Royall*:  he asks the Court to order his immediate release, which is habeas relief, and/or to end the prosecutions against him, which is injunctive relief.

Even liberally construing the pro se petition, however, Petitioner does not allege that he

has been criminally charged for acts done under the authority of a federal law or foreign government or that his case involves foreign relations, as would remove the case from the circumstances that require abstention under *Ex parte Royall*. Moreover, the three conditions in *Younger* appear to be satisfied with respect to Petitioner's current criminal cases in state court. The criminal cases against Petitioner are ongoing; the State of Kansas has an important interest in prosecuting crimes charging the violation of Kansas laws, *see In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007); and the state courts provide Petitioner the opportunity to present his challenges, including any federal constitutional claims, whether in the district court or, if necessary, on appeal or in further proceedings, *see Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993).

Regarding his ability to present his claims in state court, Petitioner states that he has previously sought habeas relief from the state district court but his request was denied or dismissed. (Doc. 1, p. 2.) Petitioner also refers to his efforts to contest his arraignment. *Id.* Even considering this information, it appears that *Ex parte Royall* and *Younger* require this Court to decline to interfere in the ongoing state court proceedings in Reno County. Petitioner is granted time in which to submit a written response to this order that shows why this matter should not be dismissed without prejudice under *Ex parte Royall* and *Younger*. The failure to file a timely response to this order will result in this matter being dismissed without prejudice and without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Darrian Campbell, Sheriff of Reno County, where Petitioner is confined, is substituted as Respondent in this matter.

**IT IS FURTHER ORDERED** that the motion for leave to proceed in forma pauperis (**Doc. 2**) is **granted**.

5

**IT IS FURTHER ORDERED** that Petitioner is granted to and including **April 24, 2026** to show cause why this matter should not be dismissed without prejudice for the reasons set forth in this order.

**IT IS SO ORDERED.**

DATED:   This 24th day of March, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge