**FILED**
**U.S. District Court**
**District of Kansas**
04/03/2026

**Clerk, U.S. District Court**
By:__JAL__Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JESSE JOSEPH AICH,**

**Petitioner,**

v.                                                                  **CASE NO. 26-3062-JWL**

**DARRIAN CAMPBELL,**

**Respondent.**

**MEMORANDUM AND ORDER**

This is a pro se petition for writ of habeas corpus filed  pursuant to 28 U.S.C. § 2241 by Petitioner Jesse Joseph Aich, a pretrial detainee being held at the Reno County Correctional Facility in Hutchinson, Kansas. It comes before the Court on Petitioner's "Arrest of Judgment," which informs the Court that the civil docket sheet for this case states "Jury Demand:   [N]one," despite Petitioner clearly indicating in his petition that he demands a jury trial. (Doc. 4.) Petitioner acknowledges that demanding a jury trial is not an option on the court-approved, required form, so he wrote on the first page of the petition the phrase "Notice requesting trial BY JURY!!!" *Id.*; (*see also* Doc. 1, p. 1.).

The Court liberally construes the filing as a notice to the Court, but to the extent that it could be intended to request a jury trial, such request is denied. Simply put, there is no right to have a jury determine whether a habeas petition under 28 U.S.C. § 2241 should be granted. The relevant statutes do not contemplate a jury trial. *See* 28 U.S.C. § 2241 ("Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."); 28 U.S.C. § 2243 ("The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require."). Similarly, the Rules

Governing Section 2254 Cases in the United States District Courts, which also apply to cases brought under § 2241, anticipate the need to expand the record or hold an evidentiary hearing, but there is no mention of a jury. *See* Rules 1, 7, and 8 of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254. This is because, as other federal district courts have recognized, "'[t]here is no right to a jury relative to a habeas petition; rather, the district court rules on the petition.'" *Carradine v. Wisc.*, 2024 WL 4039889, *5 (E.D. Wisc. Sept. 4, 2024) (unpublished) (quoting *Ellison v. Hodge*, 2014 WL 222739, *2 (S.D. Ill. Jan. 21, 2014) (unpublished)). *See also Olivares v. United States*, 2022 WL 2656790, *9 (D. S.D. July 8, 2022) (unpublished) ("There is no right to a jury trial in habeas corpus proceedings."); *Brown v. Kallis*, 2022 WL 1652933, *10 n.6 (D. Minn. April 21, 2022) (unpublished) ("[A]s to Brown's request for a jury trial, the Court finds no cognizable basis to grant such relief. [Citations omitted.]").

**IT IS THEREFORE ORDERED** that to the extent Doc. 4 could be liberally construed as a request for a jury trial, such request is denied. There is no right to a jury trial in this federal habeas proceeding.

**IT IS SO ORDERED.**

DATED:   This 3rd day of April, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

2