**FILED**

**U.S. District Court
District of Kansas**

05/13/2026

**Clerk, U.S. District Court
By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

JESSE JOSEPH AICH,

                    **Petitioner,**

          v.                                                    **CASE NO. 26-3062-JWL**

DARRIAN CAMPBELL,

                    **Respondent.**

**MEMORANDUM AND ORDER**

This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Petitioner Jesse Jospeh Aich, a Kansas pretrial detainee being held at the Reno County Correctional Facility ("RCCF") in Hutchinson, Kansas. (Doc. 1.) Petitioner has been granted leave to proceed in forma pauperis. (Doc. 3.) He is currently detained on two criminal cases pending in state court and he asserts that his detention is unlawful. (Doc. 1, p. 2-7.) As relief, he seeks an order dismissing the criminal cases against him with prejudice. *Id.* at 7.

The Court began the required review of the petition and, on March 24, 2026, issued a memorandum and order to show cause ("MOSC") explaining that it appears that this matter must be dismissed under the abstention doctrines set forth in *Younger v. Harris*, 401 U.S. 37 (1971), and *Ex parte Royall*, 117 U.S. 241 (1886). (Doc. 3, p. 3-5.) *Ex parte Royall* described very limited circumstances in which a federal court might discharge a person being held by a state for trial on a state crime. *Id.* at 3 (citing *Ex parte Royall*, 117 U.S. at 251-52). "Under *Younger*, federal courts must abstain when '(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges.'" (Doc. 3, p. 4 (quoting *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997)).)

1

The Court concluded in the MOSC that, even liberally construed, the petition does not allege facts that suggest this action is exempt from the abstention required by *Younger* and *Ex parte Royall. Id.* at 4-5. The Court therefore granted Petitioner until and including April 24, 2026 to show cause, in writing, why this matter should not be dismissed without prejudice under those doctrines. *Id.* at 5. The MOSC was mailed to Petitioner at the RCCF, but was returned to the Court with the envelope marked "Return to Sender," "Refused," and "Unable to Forward." (Doc. 6.)

On April 24, 2026, the Court received from Petitioner a response to the MOSC that stated he did not know why the MOSC was returned instead of being delivered to him. (Doc. 9, p. 1.) United States Magistrate Judge James P. O'Hara reviewed the response and, because it appeared that Petitioner had not received the MOSC and the response did not substantively address abstention, Judge O'Hara construed it as a motion for extension of time to respond to the MOSC. (Doc. 10, p. 1-2.) Therefore, Judge O'Hara directed the clerk to send Petitioner a second copy of the MOSC and he granted Petitioner additional time to respond to the MOSC. *Id.* at 2.

On May 7, 2026, Petitioner filed two documents. The first, titled "Annex of Petition for Writ of Habeas Corpus of Respon[s]e to Doc. 3 Memorandum and Order to Show Cause [*sic*]," argues that the 11th Amendment to the United States Constitutions "effectively alter[s]" Article III, section 2 of the Constitution and, when construed with other legal authority, means that civil actions are the only available form of legal action. *Id.* at 1. Petitioner also asserts that he is a foreign national and is being denied his First Amendment rights to seek redress along with other constitutional and statutory rights because the state district court refuses to address all of his motions. *Id.* at 2-3.

Petitioner further argues that "drugs are not a crime" because "society" is not real and cannot be a victim and that, as "guardian, beneficiary, and executor of the mat[t]er (trust) in [his]

LEGAL NAME," he "did not compact to verbal agreement at arraignment." *Id.* at 2. Finally, Petitioner explains his family's need for his emotional and financial support. *Id.* at 2-3. He asks the Court for a demurrer and an order dismissing both pending state criminal cases and releasing him from state custody. *Id.* at 3.

The second document Petitioner filed on May 7, 2026 is a response to Judge O'Hara's order. (Doc. 12.) In essence, Petitioner asks the Court to accept the document filed on April 24, 2026 as his response to the MOSC. *Id.* at 1-2. The Court grants this request and has considered the April 24, 2026 filing as a response to the MOSC. In that document, Petitioner argues that the courts no longer operate under common law; instead, they operate under the Uniform Commercial Code ("UCC"). (Doc. 9, p. 1.) Highly summarized, Petitioner attempts to undermine his current pretrial detention based on the UCC, legal canons, religious texts, and the misapplication of case law and principles of contract. *Id.* at 1-7.

Plaintiff's arguments that the UCC and other principles of contract or commercial law render his state pretrial detention illegal are legally frivolous, meaning that they "'lack[] an arguable basis either in law or in fact.'" *Manco v. Does*, 363 F. App'x 572, 575 (10th Cir. 2010) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *see also Patino Mancia v. Annucci*, 2022 WL 1539542, at *1, n.4 (W.D. N.Y. 2022) (finding case frivolous and noting that the sovereign citizen movement, which is a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior, has been described by courts as "completely without merit" and "patently frivolous.").

In previous cases, this Court found that a federal prisoner's attempt to seek post-conviction relief based on UCC provisions was legally frivolous. *See*, *e.g.*, *Bey v. United States*, 2013 WL 12131292, at *1 (D. Kan. 2013) ("Plaintiff's resort to UCC provisions in an attempt to undermine

3

or negate the validity of his federal criminal convictions and sentences is patently frivolous."). The Court of Appeals for the Tenth Circuit has done the same. *See Harris v. Wands*, 310 F. App'x 145, 147 (10th Cir. Feb. 1, 2011) (unpublished) (rejecting as frivolous an "attempt to gain . . . release from prison by using civil contract law in a § 2241 action."); *see also Amerson v. United States*, 550 F. App'x 603, 604 (10th Cir. 2013) (unpublished) (finding attempt to use UCC-related documents to undermine conviction frivolous); *Carter v. Wands*, 431 F. App'x 628, 629 (10th Cir. May 6, 2011) (unpublished) (holding that the UCC does not "provide a basis to challenge the conditions of [federal] imprisonment under 28 U.S.C. § 2241"). Other district courts within the Tenth Circuit have rejected similar claims brought by state prisoners in § 2241 actions. *See*, *e.g.*, *Hicks v. Elder*, 2022 WL 22858580, *3 n.4 (D. Colo. Oct. 24, 2022) (unpublished) ("To the extent Hicks contends that the Uniform Commercial Code relieves him of liability in his state criminal cases, the theory is frivolous. [Citations omitted.]"), *adopted by* 2022 WL 22858579 (D. Colo. Dec. 20, 2022) (unpublished).

Legally frivolous arguments such as those Petitioner makes in this case do not provide a sound reason for this Court to avoid the general rule, set forth in *Younger* and *Ex parte Royall*, that federal courts should not exercise habeas corpus power to discharge a person detained by a state for trial on a state crime. Moreover, Petitioner has failed to show that circumstances identified in *Ex parte Royall* exist in this case or that the three circumstances identified in *Younger* do not. Accordingly, even liberally construing Petitioner's April 24, 2026 response and the documents he filed on May 7, 2026, the Court maintains its earlier conclusion—as set forth in the MOSC—that it must abstain from exercising its habeas power with respect to Petitioner's ongoing state criminal proceedings. This matter must be dismissed without prejudice.

Rule 11 of the Rules Governing Section 2254 Cases requires the Court to issue or deny a

certificate of appealability (COA) upon entering a final adverse order. The Tenth Circuit has held that this requirement also applies to petitions brought under 28 U.S.C. § 2241. *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (holding that the COA requirement applies "whenever a state prisoner habeas petition relates to matters flowing from a state court detention order").

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice**. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 13th day of May, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

5