**FILED**
**U.S. District Court**
**District of Kansas**
05/27/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

JESSE JOSEPH AICH,

       **Petitioner,**

  v.              **CASE NO. 26-3062-JWL**

DARRIAN CAMPBELL,

       **Respondent.**

**MEMORANDUM AND ORDER**

This matter began in March 2026 when Petitioner and state prisoner Jesse Joseph Aich filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) It was dismissed without prejudice under the abstention doctrines set forth in *Younger v. Harris*, 401 U.S. 37 (1971), and *Ex parte Royall*, 117 U.S. 241 (1886), and judgment was entered on May 13, 2026. (Docs. 13 and 14.) The dismissal order noted in part that Petitioner's "arguments that the UCC and other principles of contract or commercial law render his state pretrial detention illegal are legally frivolous, meaning that they lack[] an arguable basis either in fact or law." (Doc. 13, p. 3 (internal quotation marks and citations omitted).)

This matter comes now before the Court on Petitioner's May 26, 2026 filing, titled "Bill of Review/Venire De Novo." (Doc. 15.) Even liberally construed, the majority of this filing is unrelated to the dismissal of this case. It asserts that Petitioner "exist[s] outside the Illusion or matrix," *id.* at 2; claims that his "vibrations" have caused "all the tsunamis [of the] last 40 years," *id.* at 3; and refers to topics from feminism, *id.* at 6, to various "occult symbols," *id.* at 9. The only portion of the filing that clearly relates to the dismissal of this case objects to the Court's characterization of Petitioner's UCC arguments as legally frivolous. *Id.* at 1-2.

To the extent that Petitioner's filing could be liberally construed as a motion to reconsider the dismissal, it is denied. There are two Federal Rules of Civil Procedure that are most frequently used to seek reconsideration of a dispositive order:   Rule 59 and Rule 60. Under Rule 59(e), the Court may grant a motion to amend judgment only if the moving party establishes: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 294 F.3d 1005, 1012 (10th Cir. 2000). A motion under Rule 59(e) is not to be used to present supporting facts that could have been presented in earlier filings. *Id.* When considering a Rule 59(e) motion in a habeas case, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Bannister v. Davis*, 590 U.S. 504, 508 (2020).

Under Rule 60(b), the Court may order relief from a final judgment, but only in exceptional circumstances. See *Servants of Paraclete*, 294 F.3d at 1009. Specifically, Rule 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

2

Even liberally construed, Petitioner's "Bill of Review" presents only the following argument related to the dismissal of this case:   he points this Court to "Felh vs. Jackson" for the statement that "the county courts are no longer constitutional courts" and asks whether this is "frivolous law." (Doc. 15, p. 1.) Petitioner has not provided a legal citation to the case he depends upon, but the Court's independent research has uncovered *Fehl v. Jackson County*, 177 Or. 200 (1945), an opinion the Supreme Court of Oregon issued on September 11, 1945. When *Fehl* is read in full, the statement in question—"The county court is no longer a constitutional court."— refers to the 1910 amendment to Article VII of the Oregon State Constitution, not the Federal Constitution or the Kansas State Constitution. *Id.* at 210. The Oregon Supreme Court in *Fehl* addressed whether a former county court judge properly removed from office upon his criminal conviction, in line with an Oregon state statute, or if the judge was entitled to constitutional safeguards before his removal. *See id.* at 201-12. *Fehl* has no relevance to Petitioner's criminal prosecution in the state courts of Kansas.

Whether his "Bill of Review" is considered under Rule 59 or Rule 60, Petitioner has not met the standard for reconsideration or relief from the judgment of this Court. He has not established an intervening change in the controlling law, identified evidence that could not have been obtained prior to the dismissal, or shown the need to correct clear error or prevent manifest injustice, as needed for relief under Rule 59. Nor has he demonstrated mistake, inadvertence, surprise, excusable neglect, or any other reason justifying relief under Rule 60. In conclusion, Petitioner has shown no persuasive reason for the Court to reconsider the conclusions set forth in the dismissal order. To the extent that Petitioner's "Bill of Review" could be liberally construed as a motion for reconsideration, it is denied.

Petitioner is further cautioned that because this case was dismissed and judgment has been

entered, the only documents appropriate for filing in this case, generally speaking, are motions directed to the dismissal or filings required to pursue an appeal of the dismissal. "'Every paper filed with the Clerk of this Court . . . requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.'" *Hamilton v. Wyandotte Cnty. Dist. Ct.*, 2025 WL 1707399, *5 (D. Kan. June 18, 2025) (unpublished) (quoting *In re McDonald*, 489 U.S. 180, 184 (1989)). Petitioner should therefore refrain from filing documents in this closed case unless they are proper motions related to the dismissal or documents related to pursuing an appeal of the dismissal.

**IT IS THEREFORE ORDERED THAT** no further action will be taken on the "Bill of Review/Venire De Novo" (Doc. 15) filed in this closed case. To the extent that the document could be liberally construed as a motion for reconsideration of the dismissal, reconsideration is denied for the reasons set forth in this order.

**IT IS SO ORDERED.**

DATED:   This 27th day of May, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

4