**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**JESSE JOSEPH AICH,**

      **Petitioner,**

   v.            **CASE NO. 26-3062-JWL**

**DARRIAN CAMPBELL,**

      **Respondent.**

**<u>MEMORANDUM AND ORDER</u>**

This matter began in March 2026 when Petitioner and state prisoner Jesse Joseph Aich filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) It was dismissed without prejudice under the abstention doctrines set forth in *Younger v. Harris*, 401 U.S. 37 (1971), and *Ex parte Royall*, 117 U.S. 241 (1886), and judgment was entered on May 13, 2026. (Docs. 13 and 14.) On May 26, 2026, the Court received from Petitioner a document titled "Bill of Review/Venire De Novo." (Doc. 15.) As explained in an order issued the following day, to the extent that the pro se filing could be liberally construed as a motion to reconsider the dismissal, it was unpersuasive. (Doc. 16.) Thus, reconsideration of the dismissal was denied. *Id.*

On May 28, 2026, the Court received from Petitioner a document titled "Annex [and] Clarif[i]cation of Bill of Review/Venire De Novo," which was intended to supplement the previous filing. (Doc. 17.) In light of the postmark on the envelope, it is clear that Petitioner mailed this supplement prior to the Court issuing its order denying reconsideration of the dismissal. (Doc. 17-1.) Therefore, the Court has carefully considered whether the argument contained in the supplement justifies reconsideration of the dismissal.

Whether considered under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, it

does not. The standards for reconsideration under Rule 59 and Rule 60 are set forth in the Court's order on Petitioner's earlier motion for reconsideration and will not be repeated here. (*See* Doc. 16, p. 2.) As previously explained, this case was dismissed based on the abstention doctrines set forth in *Younger v. Harris*, 401 U.S. 37 (1971), and *Ex parte Royall*, 117 U.S. 241 (1886). (Doc. 13, p. 1-4.) Even liberally construed, Petitioner's most recent filing does not argue that abstention is improper, nor does it establish another reason for reconsideration under Rule 59 or Rule 60. Therefore, Petitioner's request that the Court reconsider the dismissal is denied and this case will remain closed.

As a final note, Petitioner inquires in his latest filing about the meaning of the language in the dismissal order that declines to issue a certificate of appealability. (Doc. 17, p. 2-3.) As explained in the dismissal order, Rule 11 of the Rules Governing Section 2254 Cases requires the Court to issue or deny a certificate of appealability (COA) upon entering a final adverse order." (Doc. 13, p. 4-5 (citation omitted).) This is important because "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1).

Rule 11 further provides:

> If the [federal district] court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

Rules Governing Section 2254 Cases in the United States District Courts, Rule 11, 28 U.S.C. foll. § 2254.

3

**IT IS THEREFORE ORDERED THAT** the "Annex [and] Clarification of Bill of Review/Venire De Novo" (Doc. 17) is liberally construed as a motion to reconsider and is **denied.** This case will remain closed.

**IT IS SO ORDERED.**

DATED:   This 5th day of June, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge